and we'll begin with Andrew Matalka. May it please the court, this case presents the question of what a district court can examine to determine whether a FLORA assessment has been discharged. There are three main factual issues that the district court should be allowed to examine in determining jurisdiction. The first is the IRS in this case transformed reported losses into gains and reported hundreds of thousands of dollars of capital gains where there was less than $100 total. Two, the IRS failed to apply credits until the day after the original $1.2 million assessment was made and three, that the IRS failed to consider information that it now claims it is missing even though it was given to the IRS at the latest in October of 21 when the taxpayer filed a return. These are all indications, your honors, that the current assessment in the form 4340 is both arbitrary and erroneous and it rebuts the presumption of correctness. In this case, the notice of deficiency was based on a substitute for return. That analysis was carried through to the amount the IRS claims has not been discharged today. The IRS claims that its form 4340 is not based on an erroneous SFR or a substitute for return. However, the notice of deficiency that was filed with the $1.2 million assessment was built on the SFR and the form 4340 starts with the same amounts based on the SFR and if the court would look at the record of the form 4340, which is at 364 of the record on appeal, it will see that it starts with the substitute for return and that there was an assessment made based on the substitute for return and then the rest of the form just shows additional credits. What is the best case you have in support of your argument about not having to pay what the IRS asks? I'm sorry, Your Honor. I missed that. What is your best case in support of your argument? My best case, Your Honor, is that a district court always has jurisdiction. No. Case meaning cite a case. A cited case to show that the IRS... That what the IRS is demanding, you don't have to pay for there to be jurisdiction. No. Your Honor, I don't. There is no case that says you don't have to pay the assessment. The case here is that the assessment was arbitrary and erroneous and that you're allowed to challenge that amount of the assessment... But you don't have a case you can cite that says that. I have cases that say you can rebut the presumption of correctness and that's what we're doing here. After you've paid. No, I don't believe so, Your Honor. Okay, so what's your best case on that? I would just say that maybe in Janus, the Supreme Court said there's a presumption of correctness and it's the burden on the taxpayer to demonstrate the assessment was incorrect. What the court is asking now is do you get to rebut it before the court is invoking jurisdiction or after the court says jurisdiction has been invoked? It's kind of, we believe that it's an overlap, Your Honor, between the jurisdictional analysis and the merits analysis. And there are cases like Brownback, the U.S. Supreme Court said there is sometimes an overlap between the two. And so in this case, we believe there is such an overlap in jurisdiction and merits analysis. And in this case, the court had to look at those issues to determine whether the assessment was in fact paid. Because what's getting lost in the record here, Your Honor, is this taxpayer paid over $550,000 in 2017. We believe that exceeded the amount of the tax he owed. But in order to show that, we have to be able to show jurisdictional underpinnings of what the assessment should have been. The government argues at page 15 of their brief that the court doesn't have jurisdiction to even look at that issue and it's only merits. So that's the preliminary question that we believe this court has to address. Aren't you asking us to determine the merits in order to determine whether we have jurisdiction? Not completely, Your Honor. Part of the analysis is a merits determination. Part of it is not, because I'm not asking the court to say, OK, were the deductions taken on the return valid for purposes of this assessment? There are other problems. The IRS took what was reported losses on the K-1s that they analyzed and then transformed them into gains. There is no analysis that says that's a proper exercise. The IRS took the K-1s that reported small amounts of capital gains and transformed them into hundreds of thousands of dollars. That analysis does not depend on what the taxpayer reported. It only depends on what the IRS had to look at at the time it made this assessment. The assessment, Your Honors, also, you have to, well, our position is that there are two ways in which an assessment can be derived. One is the SFR practice, which says under Section 6020B that you have to look at all the information you had available, a testimony or otherwise. In the absence of an SFR, because the government claims here that they didn't really rely on the SFR, in the absence of an SFR, the regulation for deficiency under 6211C says you use 6014. The U.S. Supreme Court in Lange v. U.S., 423 U.S. 161, held that if no return is filed, it must be determined according to ordinary tax principles, and that's the exact language it uses, ordinary tax principles. There is no definition of what ordinary tax principles are, so we believe you take the ordinary meaning, and that is you apply the code as it is. There are no cases that talk about how the IRS goes about in doing this in the absence of an SFR. That is the only language that I can point to. But aren't you essentially arguing, or isn't your client essentially arguing that the court has jurisdiction because he's going to win? Well, ultimately, we think that's right, Your Honor, but that isn't why the court has jurisdiction. We believe the court has jurisdiction because if you analyze the records that the IRS had, even without the tax returns allowance of deductions, that the assessment was not proper, and the assessment was not proper because they misconstrued the documents they had in front of them, the K-1s. There's no authority that says you can take a K-1 that reports a loss and then put it into an analysis and say it's a gain. I know the government says, well, we didn't do that, we didn't use them, but there's no record type for that, and you can't make heads or tails of the math that they used. It just doesn't add up under any scenario. So we believe the district court is entitled to look at what is the proper assessment and was it discharged? Because in this case, if it's less than $550,000 of tax, it has been discharged because that's what the taxpayer paid. So I don't know if that answers your question, Your Honor. It's a mixed bag. Sure. If you take the deductions, there's no question we would win, and I agree that the IRS does not have to make a determination on that merit decision in order to get to the assessment. We believe that is what's going to happen, but we believe the court has jurisdiction to actually look at the assessment made because they started at $1.2 million. The day after the notice of deficiency expired, it went to $500,000 because they applied credits from earlier years. They waited, I guess I would believe strategically, until after the day of the notice of deficiency expired and then assessed a number that was $600,000 less, and there's no explanation for why they waited. In fact, there doesn't appear to be any limitation on when the IRS has to apply credits at all because the statute says when so allowed. That is, I guess, unfettered discretion on the IRS as to when to apply credits, and I guess they can do it strategically or otherwise. Could your client have appealed the issue to the tax court before going to district court? I'm sorry, Your Honor. Could your client have appealed this to the tax court before going to district court? The client could have gone to the tax court when they got the notice of deficiency. In this case, they didn't. I didn't represent them, so I can't explain why they didn't, but yes, they can. That is an option for the taxpayer, but an option is always to also go to federal court and request a jury, and you don't get a jury in tax court. If that's what they wanted, it seems like their option was swayed by the excessive assessment made by the IRS that they then lowered to $500,000 and then inexplicably lowered again to $489,000, which is the ending number in a 4340, and the taxpayer asking them to pay another million dollars that they believe they've already paid, I guess would be hard to explain to a taxpayer, but yes, they could have gone to tax court, and that is an option. In this case, the IRS took, to get to a $1.2 million assessment, took what was losses and made them gains, and that's just improper. They also took what was listed as ordinary income on the K-1s and reported it as capital gains on the notice of deficiency. The tax return showed $61 of capital gains. The IRS reported 300 and something thousand of capital gains. The test report should be entitled to see what it is the IRS actually did when challenged with some evidence based on the record that the IRS had. This isn't just the taxpayer coming in and saying, I just don't like it, or some other tax dodging theory. This is a taxpayer that admittedly should have filed his return sooner, but filed it within the statute of limitations, and the issue here is, until 2017, there never was an issue with that process. In 2017, the IRS filed this notice of deficiency, and here we are. Which your client ignored and didn't file his return until after the deadline that the IRS had given him for filing, correct? Correct, but within the statute of limitations, within the three-year period from the extension But that is correct, Your Honor. And this isn't the case where a taxpayer just, you know, they get a notice of deficiency and immediately turn around and file an admitted return and say, hey, there's no, I'm taking all these deductions, there's no gain. This return wasn't filed for a year and a half after the notice of deficiency, and a year and a half before he went to the tax court, because he, in fact, went to appeals and did all the stuff he could administratively, and then when they couldn't get it worked out, they filed suit. So moreover, Your Honor, the IRS takes the position that they didn't use the false positive numbers, and who knows, I mean, I think that's what we're entitled. We did ask the court for some limited jurisdictional discovery to figure out exactly what did the IRS do to come up with this assessment. I understand the courts are reluctant to say that you can't, there's a redemption of correctness on a notice of a deficiency in an assessment, and I understand that. But in this case, we've actually shown evidence that the IRS had that it was wrong, and we think that the federal court is allowed to examine its own jurisdiction, which in this case is the prerequisite under FLORA, that they get to show the court, hey, we think we met the assessment. The IRS argues it also was an error to ignore the losses, citing Baker being commissioner, and that relied on the IRS's revenue manual. However, the IRS's manual does not have the force of law, and I would direct the court to Einhorn v. DeWitt, 618 F. 2nd, 347, which is the Fifth Circuit case from 1980. So they want to rely on their own internal revenue manual, but it doesn't actually support as a force of law, as a head of the force of law, and so we think that's similar to what the U.S. Supreme Court just recently ruled in Loper, that that's asking an agency to make its own interpretation and saying that you can't have discretion to consider it. And in Loper, the Supreme Court came out and said that the court should use its own independent judgment in deciding whether an agency has acted within its statutory authority. So that's an analogous argument, Your Honor. In conclusion, we just think the IRS has refused to act to apply credits or consider information before it, and instead tries to stand behind what it knows is an erroneous and arbitrary assessment in the Notice of Deficiency and the Form 48350. The question is, does the IRS get the benefit from its own malfeasance in the inaction, so that a taxpayer now has to pay the artificially inflated number just to show the court that it was an artificially inflated number? Does it have to pay twice in order to avail its rights to a jury trial? We're not asking this court to overrule FLORA or to rule anything inconsistent with any existing Fifth Circuit precedent. We're asking the panel to remand for an evidentiary hearing to determine whether the district court had jurisdiction in light of the arbitrary actions and inactions, and determine if there was any assessment that wasn't discharged. We believe that's consistent with this court's decision in the Chason, where you can challenge the facts, and it's a rebuttal resumption. At this point, I'll sit down. Thank you. Yeah, you've reserved time for rebuttal, and we'll now hear from Paul Aloulis. Okay. May it please the Court, Paul Aloulis from the Department of Justice, appearing on behalf of the United States. There is only one jurisdictional question in this case, and that is whether the taxpayer has fully paid the amount of the assessment that the IRS has made against him. All of the issues that my friend representing the taxpayer put forth this morning go to the merits of whether the assessment is correct. The jurisdictional question, however, is not whether the taxpayer has paid what ultimately is determined to be the correct amount of tax. The jurisdictional question is whether the taxpayer has paid that amount of tax that the IRS has determined is due in a notice of deficiency and later in an assessment. And what happened here is that the IRS gave the taxpayer an opportunity to file a tax return when he didn't do so on time, gave the taxpayer a warning that the IRS was going to move forward with an assessment based upon the information available to it, and when the taxpayer again failed to respond, the IRS moved forward with that notice. Based upon the information available to it, the IRS determined that the taxpayer owed $807,000 in taxes for the 2017 tax period, plus associated interest and penalties, totaling about $1.2 million for that year. The IRS informed the taxpayer of that deficiency determination, and consistent with statute as required by the Internal Revenue Code, the IRS informed the taxpayer that he could petition the tax court within 90 days in order to obtain review of that deficiency determination without prepaying any of the determined amounts. The taxpayer did not petition the tax court within that 90-day period. Then, also according to the Internal Revenue Code, as is required under Section 6213c, the IRS assessed that deficiency. The Code requires the IRS to assess that deficiency once the taxpayer fails to petition the tax court within the time allowed, and so the IRS went ahead and made that assessment. Once the assessment is made, the taxpayer has only one choice if he wants to seek judicial review. He can file a complaint for a refund in the district court or in the court of claims, but in order to do that, the taxpayer is required to first pay the amount of the assessment, the full amount of the assessment, and there's no question here that the taxpayer has not paid the full amount of the assessment. There are essentially three payments that have been credited to the taxpayer here. First is about $75,000 in estimated tax payments that the taxpayer made throughout the 2017 tax year, and then there are two amounts that are treated as payments of this tax liability. The first is approximately $423,000 overpayment from taxpayers' 2016 tax year, which the IRS applied against the 2017 liability, and an approximately $49,000 liability from the 2014 tax year, which the IRS applied to the taxpayer's liability. In sum, that's about $500,000 worth of payments that were credited against the 2017 tax liability as determined by the IRS. That is not equivalent to the $807,000 in taxes that were assessed, plus associated penalties and interest. Even assuming all of the payments that were credited to the taxpayer here, there is still a substantial amount of money that has not been paid in satisfaction of the assessment, and that is the jurisdictional question. All of these issues about whether the 60-20B return included all of necessary information, included erroneous information, whether the calculations were correct, not correct, all of those things go to the merits of the question whether the IRS correctly determined the deficiency from this taxpayer. That can all be brought up on the merits in the district court, but it's not part of the jurisdictional question. But only once it's all paid, is your argument? Once the assessment is paid, and that flows directly from FLORA, and all of the cases that fall under FLORA, including in this court, there are numerous cases up until just a couple of years ago. This court has been deciding cases based on FLORA that all hold that the assessment has to be paid, not what the taxpayer thinks is due, and that's what's happened here. When taxpayer argues that the IRS has not allowed credits, what he's really saying is that the IRS has not granted their request for refund. The IRS has not yet agreed with what the taxpayer has agreed. So you think their argument is the merits? It's 100% the merits. And your brief has addressed that. Is there anything that your opponent said that you think your brief has not addressed? Your brief has addressed the point of the merits versus jurisdiction. It has, Your Honor. And I think also, just with respect to the mathematics of this issue of whether there were negative sums that were transposed into positive sums and all of that, I think that our brief does an adequate job of laying out the math there. It absolutely does add up. We did the calculations in our brief. They're there. But again, that's a merits question anyway. I think one point that was made in reply, and also again this morning, is this issue of the jury trial issue. It's been suggested that in the face of a very excessive assessment or a very large assessment, a taxpayer is not capable, potentially, of paying that assessment in order to get into district court and get a jury trial, therefore they're forced into the tax court. That jury trial right is a statutory jury trial right. It's not a constitutionally guaranteed right. It's under 28 U.S.C. Section 2402. It's a statutory right to a jury trial in refund suits, and Congress has conditioned refund suits on the full payment of the assessment. So Congress is aware of the fact that in order to get that jury trial right, which it is by statute, taxpayers are required to pay the full assessment. So there's no constitutional. And then would get the money back if they win. Of course. With interest. With interest. Of course. Okay. Yes, Your Honor. Okay. If there's no further questions, we'll rest on our briefs. Okay. Thank you. Thank you. We'll hear the rebuttal. Your Honors, you asked me what my best case was. I would direct the court to the United States Supreme Court in Janus, 428 U.S. 433. Janus concerned some wagering income, and the Supreme Court discusses what would be a naked assessment. That's the language they used. A naked assessment is when they had no information that the IRS could rely on in order to make the assessment. Clearly, in that case, the U.S. Supreme Court ruled that there was no evidence tending either to demonstrate that the assessment was incorrect or to show the correct amount of wagering tax liability. I believe that implies that you can challenge the assessments, Your Honor. And that's all we're asking this court to say, that we have the right to challenge the assessment to determine whether it's been discharged. That is the simple and straight up answer to the question. And the government, for whatever positions they want to take, in their brief they said the court doesn't have jurisdiction to do that because it only characterizes merits. We believe that if this court looks at the substitute for return, which is in the record at 364, the notice of deficiency at 182, the form 4340 at 332, and the K-1s that the government had starting at 195, that it will see that there is problems with how the IRS went about saying what the assessment is. We believe that taxpayers are entitled to challenge the amount of the assessment that they're claimed not to have discharged. And you don't have to accept the government's word for what the assessment is in the form 4340. If this court believes that it's always correct and we can't challenge it, then I don't have much else to say. But we believe that a court always has jurisdiction to examine its own jurisdiction. And unless the court has any other questions, I'll sit down. Okay. Thank you. I appreciate both sides' arguments. The case is now under submission.